IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEMARCUS WASHINGTON, | |
| Plaintiff, | Case No. 25-cv-4513 |
| v. | |
| Chicago Police Officers, JOHN DOE 1, JOHN DOE 2, and CITY OF CHICAGO, | *Jury demanded.* |
| Defendants. | |

**COMPLAINT AT LAW**

NOW COMES Plaintiff LEMARCUS WASHINGTON, by his attorney, LAW OFFICE OF JORDAN MARSH LLC, and complaining of the defendants JOHN DOE 1, JOHN DOE 2, and CITY OF CHICAGO, and states the following:

**JURISDICTION AND VENUE**

1. This action arises under the Constitution of the United States, particularly the Eighth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

2. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

3. This Court has jurisdiction over this action pursuant to Title 28 of the United States Code §§ 1331 and 1367, as Plaintiff asserts claims under federal law and the state law claims arise out of the same facts as the Federal claims. Venue is proper under Title 28 of the United States Code, § 1391(b)(2), as the events complained of occurred within this district.

## PARTIES

4. At all times relevant herein, Plaintiff LEMARCUS WASHINGTON ("Lemarcus") was a resident of the County of Cook, State of Illinois.

5. Defendants DOE 1 and 2 (collectively "Defendant officers"), are sued in their individual capacities and were at all times relevant, sworn police officers employed by Defendant CITY OF CHICAGO, and were acting within the scope of their agency, service and/or employment with the CITY OF CHICAGO, and were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois. [1]

6. Defendant, CITY OF CHICAGO is a government entity operating within the State of Illinois. The CITY OF CHICAGO is responsible for the actions of its employees while acting within the scope of their employment. At all times relevant to this action, CITY OF CHICAGO was the employer of Defendants DOE 1 and 2.

## FACTUAL ALLEGATIONS

7. On September 6, 2024, at around 2:00 p.m., Lemarcus was parked in front of his house located at 1530 South Drake Avenue, in Chicago, Illinois.

8. Lemarcus is Black.

---

[1] At the time of this filing, the City has refused to identify the officers and unlawfully failed to respond to valid FOIA requests, necessitating the use of placeholders. Plaintiff will name the officers once the City agrees to identify them, either in discovery or through other means.

9. Lemarcus's car was not running.

10. Lemarcus was inside his car with a female acquaintance in the passenger seat, when he noticed a marked Chicago police squad car driving past him.

11. Moments later, the same squad car drove past him again and parked in front of his car.

12. Defendant officers approached Lemarcus's car and stated that he did not have a front license plate.

13. Lemarcus's car had a valid rear license plate.

14. The officers requested Lamarcus's driver's license, and Lemarcus handed it to them.

15. Defendant officers ordered Lemarcus to step out of the car.

16. Lemarcus complied.

17. One of the Defendant officers informed Lemarcus that he had a denied Firearm Owner Identification (FOID) card, which he said was "a red flag".

18. One of the Defendant officers placed Lemarcus in handcuffs.

19. One of the Defendant officers walked Lemarcus to the rear of his car where they stayed while the other Defendant officer conducted a search of Lemarcus's car.

20. Lemarcus did not consent to the search of his car.

21. On information and belief, Defendant officers had no warrant to search the car.

22. Defendant officers had neither reasonable suspicion or probable cause to believe that the car contained evidence of a crime.

23. Lemarcus's passenger was ordered to exit the car as well.

24. She complied with the order and exited the car.

25. As Lemarcus stood in front of his home in handcuffs while a police officer searched his car, several cars passed by, the drivers slowing down to observe Lemarcus and the officers.

26. Some of the drivers were Lemarcus's neighbors.

27. A number of Lemarcus's neighbors, as well as the mail carrier, walked by and observed Lemarcus in handcuffs while the police searched his car.

28. Lemarcus's next-door neighbors, who had just moved in, walked past the scene and observed Lemarcus in handcuffs while the police searched his car.

29. No contraband was found during the search of Lemarcus's car.

30. After approximately nine minutes, the officers released Lemarcus without charging him with a crime or even writing him a ticket.

31. The officers walked back to their vehicle and drove off without returning Lemarcus's driver's license.

32. Defendant officers failed to provide Lemarcus with a stop receipt or other proof of the stop.

33. Lemarcus had to call 911 to get the police to return his driver's license.

34. A police sergeant came out to speak with Lemarcus about the incident and took Lemarcus's statement.

35. As the sergeant spoke with Lemarcus, both Defendant officers drove by. The sergeant told them to keep driving.

**COUNT I – FEDERAL CLAIM**
**UNLAWFUL DETENTION**
**DEFENDANT OFFICERS**

36. Each paragraph of this Complaint is incorporated as if restated fully herein.

37. Defendants officers caused Lemarcus to be detained without reasonable suspicion or probable cause to believe he had committed any crime or offense, in violation of the Fourth Amendment to the U.S. Constitution.

38. Alternatively, Defendant officers detained Lemarcus for an unnecessary and unreasonable amount of time under the circumstances.

39. As a proximate result of Defendants' misconduct, Lemarcus suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering.

### COUNT II – FEDERAL CLAIM
### ILLEGAL SEARCH
### DEFENDANT OFFICERS

40. Each paragraph of this Complaint is incorporated as if restated fully herein.

41. Defendant Officers searched Lemarcus's car without a warrant, without legal process, without his consent, and without probable cause or reasonable suspicion to believe the car contained evidence of a crime, in violation of the Fourth Amendment to the U.S. Constitution.

42. As a proximate result of Defendants' misconduct, Lemarcus suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering.

### COUNT III – FEDERAL CLAIM
### ILLEGAL SEIZURE
### DEFENDANT OFFICERS

43. Each paragraph of this Complaint is incorporated as if restated fully herein.

44. The unlawful seizure of Lemarcus's driver's license, as detailed above, violated Lemarcus's rights under the Fourth Amendment to the United States Constitution.

45. As a proximate result of Defendants' misconduct, Lemarcus suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering.

### COUNT IV – FEDERAL CLAIM
### EXCESSIVE FORCE
### DEFENDANT OFFICERS

46. Each paragraph of this Complaint is incorporated as if restated fully herein.

47. The force used against Lemarcus by Defendant Officers, which included being handcuffed, and being forcibly detained by Defendant Officers, was objectively unreasonable and unnecessary based on the totality of the circumstances, and was undertaken intentionally with reckless indifference to Lemarcus's constitutional rights.

48. As a proximate result of Defendants' misconduct, Lemarcus suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering.

### COUNT V – STATE CLAIM
### FALSE ARREST/WRONGFUL IMPRISONMENT
### ALL DEFENDANTS

49. Each paragraph of this Complaint is incorporated as if restated fully herein.

50. Defendant Officers, and CITY OF CHICAGO, by and through its agents, Defendant Officers, restrained and/or arrested Lemarcus without having reasonable grounds to believe he had committed any crime or offense.

51. Alternatively, Defendant Officers, and CITY OF CHICAGO, by and through its agents, Defendant Officers, restrained and/or arrested Lemarcus for an unnecessary and unreasonable amount of time under the circumstances.

52. As a proximate result of Defendants' misconduct, Lemarcus suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering.

**COUNT VI – STATE CLAIM**
**BATTERY**
**ALL DEFENDANTS**

53. Each paragraph of this Complaint is incorporated as if restated fully herein.

54. Defendant officers, and CITY OF CHICAGO, by and through its agents, Defendant officers, made contact with Lemarcus without his consent and without legal justification, thereby committing a battery.

55. As a proximate result of Defendants' misconduct, Lemarcus suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering.

**COUNT VII – STATE CLAIM**
**INVASION OF PRIVACY**
**ALL DEFENDANTS**

56. Each paragraph of this Complaint is incorporated as if restated fully herein.

57. Defendant officers, and CITY OF CHICAGO, by and through its agents, Defendant officers, by searching Lemarcus' vehicle without legal justification, committed an unauthorized intrusion upon Lemarcus' seclusion that was objectively unreasonable, regarding a private matter.

58. As a proximate result of Defendants' misconduct, Lemarcus suffered loss of mental anguish, humiliation and emotional pain and suffering.

**COUNT VIII – STATE CLAIM**
**INDEMNIFICATION**
**DEFENDANT CITY OF CHICAGO**

59. Each paragraph of this Complaint is incorporated as if restated fully herein.

60. At all relevant times, CITY OF CHICAGO was the employer of Defendant Officers.

61. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the CITY OF CHICAGO.

62. Illinois law provides that government entities are directed to pay any tort judgment for any damages for which employees are liable within the scope of their employment activities.

63. Should Defendant Officers be found liable on one or more of the claims set forth above, Plaintiff LEMARCUS WASHINGTON demands, pursuant to Illinois law, that their employer, Defendant CITY OF CHICAGO, be found liable for any judgment plaintiff obtains against Defendant Officers, as well as attorney's fees and costs awarded, and for any additional relief this Court deems just and proper.

## PRAYER FOR RELIEF

For the foregoing reasons, the Plaintiff LEMARCUS WASHINGTON, prays for judgment against Defendants in a fair and reasonable amount, including compensatory and punitive damages, attorney fees and costs, and for any additional relief this Court deems just and proper.

## JURY DEMAND

The Plaintiff LEMARCUS WASHINGTON, requests a trial by jury.

**DATED:** April 25, 2025

Respectfully submitted,
LEMARCUS WASHINGTON

/s/ Jordan Marsh
*Attorney for the Plaintiff*

**LAW OFFICE OF JORDAN MARSH LLC**
33 North LaSalle Street, Suite 2000
Chicago, IL 60602
(224) 220-9000
jordan@jmarshlaw.com

8